FILED
CLERK

10/23/2018 3:56 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GUILLERMO TORRES

                       Petitioner,

    -against-

ERROL D. TOULON,

                       Respondent.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-4681 (JMA)

**AZRACK, United States District Judge:**

      On August 16, 2018, incarcerated *pro se* Petitioner Guillermo Torres ("Petitioner") filed a Petition for a writ of habeas corpus against Errol D. Toulon pursuant to 28 U.S.C. § 2241 together with an application to proceed *in forma pauperis*. On September 24, 2018, Petitioner paid the $5.00 filing fee. (ECF No. 3). For the reasons that follow, the Court denies Petitioner's application to proceed *in forma pauperis* as moot and dismisses his Petition without prejudice.

      Petitioner, a pre-trial detainee at the Suffolk County Correctional Facility, challenges his "Detainer." (Pet. at 4-5). The entirety of his handwritten Petition consists of a request that the Court: "Produce the Petitioner before a Federal Judge to respond to the detainer." (Pet. at 15). Although Petitioner initially submitted an application to proceed *in forma pauperis* together with the Petition, (ECF No. 2), on September 24, 2018, he paid the $5.00 filing fee. (ECF No. 3). As a result, the application to proceed *in forma pauperis* is denied as moot.

      Despite submitting the court form for a Petition for a Writ of Habeas Corpus under 18 U.S.C. § 2241, Petitioner failed to include any explanation in support of his request for relief. Accordingly, the Court cannot determine if Petitioner has any grounds for habeas corpus relief pursuant to 28 U.S.C. § 2241. Moreover, "Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief

thereunder in federal court." Robinson v. Sposato, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. 2012) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632-34 (2d Cir. 2001)). Here, Petitioner did not identify any attempts to exhaust available state court or administrative remedies prior to seeking relief in federal court.

Petitioner's sparse submission fails to allege any grounds for which the Court can reasonably determine whether habeas relief is warranted. In addition, wholly absent from the Petition are any allegations concerning Petitioner's attempts to exhaust his habeas claims in the state court. Accordingly, in light of these deficiencies, the Petition is dismissed without prejudice and with leave to file an amended Petition within 30 days from the date of this Order: (1) outlining the grounds in support of his Petition; and (2) identifying his exhaustion of state court or administrative remedies, if any. Petitioner is cautioned that a failure to timely comply with this Order will lead to the entry of judgment and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Petitioner seek leave to appeal *in forma pauperis,* such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this order to the Petitioner at his last known address.

**SO ORDERED.**

Dated:   October 23, 2018
        Central Islip, New York

      /s/ (JMA)
Joan M. Azrack
United States District Judge